## THE STATE *v.* NEAL.

If one of two partners sell spirituous liquor unlawfully, the other party is liable, if the sale was made in pursuance of an understanding between them, and for their joint account and benefit.

INDICTMENT, for selling one half pint of spirituous liquor without a license, &c. It appeared that the spirit was sold at the respondent's bar, by one Fales. There was evidence tending to show that Fales had hired the bar by the day, and made the sale wholly on his own account and for his own benefit. There was also evidence tending to show that the respondent was a partner with him in the business of selling liquor.

The court instructed the jury that if Fales sold the spirit, solely upon his own account and for his own benefit, the indictment could not be maintained; but that if it was understood between Fales and the respondent that spirit should be sold at the bar, and the spirit in question was sold in pursuance of such understanding, and the respondent was interested in the sale, Fales was the agent of the partnership, and the defendant was liable for the act.

The jury returned a verdict of guilty. And the respondent moved that the verdict be set aside because of the said instructions.

*H. A. & A. H. Bellows,* for the defendant.

The court instructed the jury that if the respondent and the witness were partners in the sale of liquor, and the liquor was sold in pursuance of an understanding that liquor should be sold, the defendant was liable.

No doubt it was competent for the jury to find, on this evidence, that the sale was made with the 'assent of the defendant.

But that was a question of fact for the jury, and not a

conclusion of law, from the mere fact that they were partners in the business of selling liquor.

For partners are not responsible, criminally, for each other's acts, though they are civilly, so far as those acts are within the scope of the partnership.

It is obvious that one partner might sell liquor without, and even against, the consent of the other, and in that case the other would not be liable.

Whether there was such assent in this case was purely a question for the jury, and not a legal conclusion from the fact of partnership.

And in this respect the instructions were erroneous.

*George*, solicitor, for the State.

Under the instructions of the court in this case, it would seem that the jury, in order to return a verdict of guilty, must find

1st. That a partnership existed . between Fales and the respondent.

2d. That it was understood between them that liquor was to be sold at the bar.

3d. That the liquor in question was sold in pursuance of that understanding.

These are all questions of fact, and it is difficult to perceive any conclusion of law involved in the instructions.

Woods, J. Instructions to the jury refer to the evidence before them, and are to be interpreted by it. Here, there was evidence of a partnership. But, as if that alone were insufficient to implicate the respondent in the acts of his partner, Fales, the jury were told that if the spirits were sold in pursuance of an understanding, which means an agreement, between the two, that they should be so sold, and the sale was not upon the account and for the benefit of Fales only, but the respondent also had an interest in the sale, then Fales was an agent and an instrument of the re-

spondent, in the perpetration of the illegal act, so as to in-volve him perfectly in the guilt of it. The case is not one of assent to an unlawful act, but of procurement; and upon the instructions of the court, the jury must have found that the defendant procured and instigated the witness to per-form the overt act, contrived by the two, against the law, and in the fruits of which both participated. It is difficult to see how the defendant can found an exception to such instructions. We discover no ground upon which it can avail him.

*Judgment on the verdict.*